# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CENTER FOR DERMATOLOGY AND SKIN CANCER, LTD., ROBERT V. KOLBUSZ, M.D., DIANE M. RZEWUSKI, CAROL F. SHUNN, and HUBERT T. BRADY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 13 C 4926 |
| v. | ) ) | Hon. Marvin E. Aspen |
| KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION, and CAHABA SAFEGUARD ADMINISTRATORS, LLC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Presently before us is the motion of Defendants Kathleen Sebelius, Secretary of Health and Human Services, *et al.* ("Defendants") to dismiss the complaint filed by Plaintiffs Center for Dermatology and Skin Cancer, Ltd., *et al.* ("Plaintiffs"). Plaintiffs brought an action for injunction and mandamus alleging that Defendants failed to process Medicare reimbursement claims. Defendants contend that the complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this dispute should be adjudicated in the first instance within the four levels of administrative review of the Medicare appeals process. For the reasons set forth below, we grant Defendants' motion.

**BACKGROUND**

Plaintiff Robert V. Kolbusz, M.D., ("Dr. Kolbusz") is a dermatologist and owner of Center for Dermatology and Skin Cancer, Ltd. ("CDSC"). Dr. Kolbusz was a Participatory Provider in the Medicare program from 1993 until December 31, 2012. As such, he received direct payment for the covered services he provided to Medicare beneficiaries. On October 3, 2012, Dr. Kolbusz was indicted for Medicare fraud. As a result of these allegations of fraud, the Centers for Medicare & Medicaid Services ("CMS") imposed fraud prevention procedures upon CSDC, including Medicare payment suspension and pre-payment and medical review of Medicare claims.

Claims under pre-payment and medical review are not considered "clean claims" under the Medicare Act. A "clean claim" is one "that has no defect or impropriety (including any lack of any required substantiating documentation) or particular circumstance requiring special treatment that prevents timely payment[.]" 42 U.S.C. § 1395u(c)(2)(B)(1). Clean claims are issued initial determinations regarding coverage and reimbursement within thirty calendar days of receipt. Claims subject to investigation or pre-payment and medical review are not clean claims and are not subject to a mandatory timeframe for payment. 42 U.S.C. § 1395u(c)(2); *see* 42 C.F.R. § 405.902.

Challenges regarding Medicare claims are channeled through four levels of administrative review within the agency. 42 C.F.R. § 405.904; *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 12–13, 120 S. Ct. 1084, 1093 (2000). First, where a Medicare contractor makes an initial adverse determination on a claim, the claimant may request redetermination by the contractor. 42 C.F.R. §§ 405.904, 405.940–405.958. Second, if the claimant is dissatisfied with the redetermination decision, he or she may request a

reconsideration of the claim by a qualified independent contractor ("QIC"). 42 C.F.R. §§ 405.904, 405.960–405.966. Third, if the claimant is dissatisfied with the QIC's reconsideration, or if the QIC has surpassed its 60-day deadline to issue its decision, the claimant may request a hearing before an administrative law judge ("ALJ"), for which the party must also meet the amount-in-controversy requirement. 42 C.F.R. §§ 405.904, 405.970, 405.1000. Fourth, if the claimant is dissatisfied with the decision of the ALJ, or if the ALJ does not issue a decision within the statutory timeframe, the claimant may request that the Medicare Appeals Council ("MAC") review the case. 42 C.F.R. §§ 405.1048, 405.1100, 405.1104. Once the MAC issues a decision, or if the MAC fails to review the ALJ's decision within the applicable adjudication period, the claimant may then file suit in federal district court. 42 C.F.R. §§ 405.1130, 405.1132.

Plaintiffs' allegations address claims submitted in two distinct time periods. First, Plaintiffs allege that 55 Medicare reimbursement claims submitted between October 4, 2012 and December 31, 2012 were denied by initial determination and by redetermination review. (Compl. ¶ 26.) Dr. Kolbusz claims that he appealed these decisions to the second level of administrative review but has yet to receive a response regarding the QIC's reconsideration. (*Id*. ¶ 27.) Second, Plaintiffs distinguish a much larger set of claims submitted after January 1, 2013, on which date Dr. Kolbusz withdrew as a Participant Provider in the Medicare program. (*Id.* ¶ 30.) He alleges that of the "approximately 2300" claims submitted after January 1, 2013, including those filed by Plaintiff Patients, "most" have not yet received initial determinations. (*Id.* ¶ 34.) "[A]pproximately 250" of the claims were denied through initial determinations, (*id.* ¶¶ 39, 41), and then denied again on appeal through administrative review processes of redetermination and reconsideration, (*id.* ¶ 44). Dr. Kolbusz alleges that these 250 claims are currently pending review before an ALJ. (*Id.* ¶ 46.)

**STANDARD OF REVIEW**

Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chi., Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a Rule 12(b)(1) motion, we may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

**ANALYSIS**

**A.     Plaintiffs' Waiver of Jurisdictional Arguments Based on the Medicare Act and on the Presence of a Federal Question**

In their First Amended Complaint, Plaintiffs allege that we have jurisdiction under the Medicare Act, 42 U.S.C. § 1395, under the federal question statute, 28 U.S.C. § 1331, and under the Mandamus Act, 28 U.S.C. § 1361. (Compl. ¶ 10.) Plaintiffs' response to Defendants' Motion to Dismiss does not address Defendants' arguments refuting jurisdiction under the Medicare Act and under the federal question statute. (Resp. at 2–8.) "A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim." *Jones v. Connors*, No. 11 C 8276, 2012 WL 4361500, at *7 (N.D. Ill. Sep. 20, 2012); *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to

dismiss, the non-moving party must proffer some legal basis to support his cause of action.");
*County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("Although the district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts, it will not invent legal arguments for litigants and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.") (internal quotation omitted) (citing *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 421 (7th Cir. 1994); *Stransky,* 51 F.3d at 1335; *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002)). Plaintiffs failed to respond to any of Defendants' arguments requesting dismissal for lack of jurisdiction under the Medicare Act and the federal question statute. As such, Plaintiffs have waived their right to proceed on these two jurisdictional bases.

**B.     Jurisdiction under the Mandamus Act**

The Federal Mandamus and Venue Act ("Mandamus Act") provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This circuit has established that the following three elements must be met in order to issue a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987) (quoting *Homewood Prof'l Care Ctr., Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985)). The Supreme Court has placed particular emphasis on the third requirement, holding that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief." *Heckler v. Ringer*, 446 U.S. 602, 616, 104 S. Ct. 2013, 2022 (1984) (dismissing plaintiff's mandamus claim against

the Secretary of Health and Human Services as to the denial of Medicare reimbursement, where plaintiffs failed to exhaust their administrative remedies before bringing suit in federal court). More recently, the Seventh Circuit applied the Supreme Court's holding in *Ringer* to the question of the availability of mandamus relief for Medicare reimbursement claims. *Michael Reese Hosp. and Med. Ctr. v. Thompson*, 427 F.3d 436, 441 (7th Cir. 2005) (holding that the exhaustion requirement applies to the plea for relief under the federal mandamus statute at 28 U.S.C. § 1361). The Seventh Circuit further noted the importance of exhausting claims through administrative review, stating that the purposes of the exhaustion requirement are to promote efficiency by "preventing the premature interference with agency processes," to "afford[] the parties and the courts the benefit of the agency's experience and expertise," and to allow the agency to "compil[e] a record which is adequate for judicial review." *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S. Ct. 2457, 2467 (1975)).

In the case before us, it is undisputed that Plaintiffs have not exhausted their Medicare claims by proceeding though the four levels of administrative review. Specifically, Plaintiffs acknowledge that the claims that have proceeded the farthest in the administrative appeal process are still pending before the ALJ—the third level of review. (Compl. ¶ 46.) Plaintiffs allege that the delay in receiving a hearing before the ALJ renders this remedy "effectively meaningless." (*Id.* ¶ 63.) The Supreme Court rejected a similar argument in *Ringer*, holding that "[a]lthough respondents would clearly prefer an immediate appeal to the District Court rather than the often lengthy administrative review process, exhaustion of administrative remedies is in no sense futile." *Ringer*, 466 U.S. at 619, 104 S. Ct. at 2024. As Plaintiffs have not exhausted their administrative remedies through the Medicare appeals process, they cannot assert jurisdiction for us to hear their claims under the Mandamus Act.

Plaintiffs also argue that federal mandamus jurisdiction extends over their claims because they seek to challenge the Defendants' procedures rather than adjudicate the merits of the Medicare claims. (Resp. at 1–2.) Plaintiffs rely on the Seventh Circuit decision in *Burnett v. Bowen*, where the court agreed with other circuits that "the mandamus statute provides jurisdiction in cases challenging the procedures used in administering Social Security benefits but unrelated to the merits." 830 F.2d at 737 (collecting cases). Plaintiffs fail to recognize an important factor that distinguishes their case from that of Mr. Burnett. Not only did the Seventh Circuit find that Mr. Burnett's claim was procedural in nature, but the court also determined that Burnett satisfied the third element necessary to issue a writ of mandamus: the exhaustion of adequate remedies. The court expressly held that "since Burnett has pursued all of his possible appeals within the Social Security Administration . . . a writ of mandamus is his only available remedy." *Burnett*, 830 F.2d at 740.

Where plaintiffs have not first exhausted their administrative remedies, however, the Seventh Circuit has rejected attempts to adjudicate procedural challenges under the *Burnett* standard. *Michael Reese Hosp.*, 427 F.3d at 441. As that court reasoned, "[i]n *Burnett*, we joined a number of other circuits in concluding that mandamus relief is available for Medicare claims that are procedural rather than substantive in nature. We need not consider whether this is such a 'procedural' claim, however, because [plaintiff] cannot meet the [exhaustion of remedy] standards for mandamus relief." *Id.* (citations omitted); *see Ancillary Affiliated Health Servs., Inc. v. Shalala*, 165 F.3d 1069, 1070 (7th Cir. 1998) (relying on Supreme Court precedent in *Ringer* to reject the substantive-procedural distinction and holding that "even characterizing [Plaintiff] Ancillary's claim as a due process claim does not relieve Ancillary of its obligation to exhaust its administrative remedies."). Accordingly, we hold that, regardless of whether

7

Plaintiffs' claims are procedural challenges, their failure to exhaust their administrative remedies through the Medicare appeals process precludes subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, we grant Defendants' motion to dismiss for lack of jurisdiction. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:        Chicago, Illinois
                March 26, 2014